# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID A. NOVOSELSKY and
CHARMAIN J. NOVOSELSKY,
      **Plaintiffs,**

    v.                       **Case No. 18-C-836**

UNITED STATED OF AMERICA,
      **Defendant.**

## DECISION AND ORDER

Plaintiff David Novoselsky is a lawyer; he is representing himself and his wife, Charmain Novoselsky, in this action. On May 4, 2018, the Novoselskys initiated this action in state court to test the validity of a federal tax lien on their residence and to determine its priority relative to other liens on the same property. They amended their complaint on May 11, 2018, and a documented titled "First Amended Action to Quiet Title" became the operative pleading in this action. The United States subsequently removed the action to federal court and then moved for and was granted an extension of time to file an answer on grounds that the real property in issue was the subject of motions then pending in bankruptcy court. The United States answered the amended complaint on July 30, 2018, and then moved for summary judgment on August 21, 2018.

Plaintiffs subsequently moved to amend their complaint for a second time, both to flesh out the facts and legal theories supporting their quiet title action, and to assert new allegations based on the United States' conduct after the original complaint was filed. I will construe the portion of plaintiffs' motion seeking to further develop plaintiffs quiet title

claim as a motion to amend under Fed. R. Civ. Pro. 15(a)(2), and the portion that alleges conduct that happened after the filing of the original complaint as a motion to supplement the pleadings under Fed. R. Civ. Pro. 15(d). Plaintiffs' motion to amend/supplement and defendant's earlier motion for summary judgment are both now pending before me.

## I. BACKGROUND

### a. *The Novoselskys' Dealings with the IRS*

The legal issues raised in the United States' motion for summary judgment and its opposition to plaintiff's motion to amend and supplement the complaint require some factual context. The facts outlined in this section of the Decision and Order are not disputed and are derived from the original complaint, the United States' answer to the original complaint, and exhibits and statements of fact filed by both parties in connection with the United States' motion for summary judgment.

On various dates between April 2014 and November 2016, the IRS assessed on David and Charmain Novoselsky income taxes for years 2010, 2014 and 2016, gave notice of those taxes and demanded payment of the taxes. ECF No. 14-1; ECF No. 14-2. On January 10, 2017, the IRS entered into an Installment Agreement with David and Charmain Novoselsky. ECF No. 15-1. Under the Installment Agreement, the Novoselskys agreed that the amount they owed as of that date totaled $290,261.14, and that they would make installment payments of $200 per month toward that liability, commencing in March, 2017. *Id.* In exchange, the IRS agreed to refrain from levying on the Novoselskys' property to collect those taxes if the Novoselskys stayed current on their installment payment obligations. ECF No. 15 at ¶ 5.

One of the terms of the Agreement was the following:

> [The IRS] may file a Notice of Federal Tax Lien if one has not been filed previously which, [sic] may negatively impact your credit rating, but [the IRS] will not file a Notice of Federal Tax Lien with respect to the individual shared responsibility payment under the Affordable Care Act.

ECF No. 15-1 at 4. A Notice of Federal Tax Lien ("NFTL") notifies other creditors that the United States has a claim against certain property and establishes the priority of the United States' claim. IRS Publication 594. On March 19, 2018 the IRS filed an NFTL against Charmain Novoselsky for the 2010, 2014, and 2015 income tax years with the Recorder of Deeds of Kenosha County. ECF No. 8 at ¶ 2.  On April 10, 2018, the IRS filed an NFTL against David Novoselsky for the same tax years. *Id.*

### b.  The Operative Complaint and the United States' Motion for Summary Judgment

In their first amended complaint, currently operative in this case, plaintiffs claim that the IRS's lien on plaintiffs' property is "not valid." ECF No. 1-1 at *10, ¶11. First, they argue that the installment agreement between the Novoselskys and the IRS barred the IRS from "placing" the lien on the property. *Id.* at *10, ¶ 7. Second, they argue that the IRS is precluded from "placing" the lien because it had previously "withdraw[n]" a lien on the same property. *Id.*

Defendant construed plaintiffs' complaint as claiming that "the IRS violated the installment-payment agreement when it filed the [NFTLs]," and "seek[ing] declaratory relief determining that the [NFTLs] were illegally filed." ECF No. 16 at 4. Defendant moved

for summary judgment arguing that plaintiffs' claims fail as a matter of law because the Installment Agreement expressly permits the IRS to file NFTLs. *Id.*

### c. The Proposed Amended Complaint's Allegations

As described above, plaintiffs have now moved to file a Second Amended Complaint. The proposed amended complaint makes the following new allegations.

In February 2017, the IRS entered an NFTL[1] against the plaintiffs' residence. ECF No. 21, ¶ 24. At that time, the Novoselskys were in bankruptcy and protected by an automatic stay. *Id.* In January, 2018, the IRS agreed to withdraw the NFTL on the property in order to facilitate a settlement of the bankruptcy case. *Id.*, ¶ 27. However, the case did not settle. On April 10, 2018, while the automatic stay remained in effect, the IRS entered a second NFTL against plaintiffs' residence. *Id.*, ¶ 25.

In May, 2018, the IRS "issued a levy seeking to seize funds" then in the control of the Novoselskys' bankruptcy trustee. ECF No. 21, ¶¶ 14, 34. At that time, counsel for the IRS represented to the Bankruptcy Court that the Installment Agreement, which barred the IRS from levying on plaintiffs' property while it was in effect, had been terminated; however, the IRS allegedly later disclosed that the Installment Agreement actually remained in effect until June 1 of 2018. *Id.,* ¶¶ 16-17. The IRS later moved the bankruptcy court to lift the automatic stay. *Id.*, ¶ 35. On July 14, 2018, the IRS again "issued a levy to the attorney for the Bankruptcy Trustee holding $100,000 in funds." *Id.* The IRS ultimately seized those funds. *Id.,* ¶¶ 14, 35, 39. Plaintiffs allege that the trustee was

---

[1] The complaint uses the term "recorded a lien." I will instead use the phrase "entered an NFTL" because I wish to maintain a clear distinction between the IRS's lien, which is a property interest that arose by statute when the Novoselskys failed to pay the taxes, and the NFTL, which is a public filing that gives other creditors notice of the IRS's lien and allows the IRS to assert the lien's priority.

holding the funds because the bankruptcy proceedings were then close to a settlement resolution, and that the settlement was undermined in part because the IRS seized these funds. *Id., ¶* 35,

Plaintiffs also allege that the IRS's stated reasons for terminating the Installment Agreement have been inconsistent: they say the IRS originally claimed that the basis for the termination was plaintiffs' failure to make timely payments, but later stated that the reason was the plaintiffs' failure to properly represent their financial circumstances. *Id.*, ¶ 18. They also allege that they have filed multiple requests for due process hearings regarding the termination of the installment agreement using the IRS' internal appeals processes. *Id,* ¶¶ 19, 36. They allege that no hearings have been held, and that the IRS has informed them that it cannot conduct these hearings using its own internal processes, because plaintiffs' accounts are now under the jurisdiction of the Department of Justice. *Id.*

Plaintiffs also allege that they have used the administrative procedures provided for by 26 U.S.C. § 7433 to seek relief from certain conduct of Curtis Weidler, the Department of Justice attorney representing the United States in the Bankruptcy case and the present case. *Id.*, ¶¶ 47-48. Plaintiffs allege that they made these requests "on various occasions prior to the issuance of the 2018 levies," and that they received no response from the IRS. *Id.* Plaintiffs allege that they also requested administrative procedures under § 7433 "when the levy activity began in May of 2018 and just prior to that." *Id.*, ¶ 48. They say that the Taxpayer Advocate Service initially responded to this request, but soon informed them that it was the decision of the IRS that Mr. Weidler of

the Department of Justice had "the exclusive right to address and to decide within his own discretion any concerns or requests made by plaintiffs." *Id.,* ¶ 49.

The proposed amended complaint asserts three claims for relief: (1) the quiet title action, as allowed by 28 U.S.C. § 2410; (2) a claim for injunctive relief related to the July 2018 levy on the funds held by the Novoselsky's bankruptcy trustee; and (3), a claim for damages under 26 U.S.C. § 7433.

## II.    MOTION TO AMEND COMPLAINT

### a.  Legal Standard.

Under Fed. R. Civ. Pro. 15(a)(2), a party may amend its pleading with the leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). However, a court is justified in denying a motion to amend a complaint if the proposed amendment would be futile, meaning that it would not withstand a motion to dismiss, *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 2003), or a motion for summary judgment, *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

As noted above, Counts II and III of the proposed amended complaint allege conduct that happened after the filing of the original complaint in this action. I will treat plaintiffs motion with respect to these counts as a motion to supplement the complaint under Rule 15(d). *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). The distinction is not significant, though: the standard governing the court's discretion is the same with respect to motions under 15(a) and 15(d). *Id.*

Amendment or supplementation is futile if the amended or supplemented complaint could not survive a motion to dismiss under Rule 12(b)(6). To survive a Rule

12(b)(6) motion, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In construing plaintiff's complaint, I assume that all factual allegations are true but disregard statements that are conclusory. *Iqbal*, 556 U.S. 678.

Amendment or supplementation is also futile if the amended or supplemented complaint could not survive a motion for summary judgment. Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applying this standard in the context of the Novoselskys' motion to amend or supplement their complaint, I may deny the motion if, viewing the evidence in the light most favorable to the Novoselskys, I conclude that no reasonable juror could find for them. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

### b. Action to Quiet Title

Count I of the proposed second amended complaint is again a claim to quiet title under 28 U.S.C. § 2410; however, the basis for this claim is different from that in the operative complaint. Plaintiffs now assert that they are challenging neither the IRS's right to file NFTLs within the terms the installment agreement, nor the fact that, by statute, the U.S. has a property interest in the Novoselskys' residence and other property that came

into being when the Novoselskys failed to pay a tax that they owed. Rather, plaintiffs claim that the filing of the NFTLs (i.e., the U.S.'s *assertion* of its property rights) was illegal and invalid because (1) the NFTLs were filed in violation of the automatic stay issued by the Bankruptcy court; and (2) the U.S. had waived its right to assert the priority of its liens on the Novoselskys' residence by its conduct before the bankruptcy court.

The Novoselskys' automatic stay theory is unavailing. As Fed. R. Evid. 201(c)(2) requires me to do, I take judicial notice that the bankruptcy court entered an order lifting the automatic stay with respect to the Novoselskys' residence in July of 2016, well before the 2018 filing of the NFTLs now at issue. Case No. 14-29136 (Bankr. E.D. Wis.), ECF No. 937. Thus, if the United States were to move for summary judgment on this issue, the Novoselskys would not be able to establish that the automatic stay barred the IRS from filing the 2018 NFTLs.

Nor am I persuaded that the Novoselskys' proposed amended complaint states facts sufficient to survive a 12(b)(6) motion on the waiver theory. Plaintiffs' specific allegations in support of the waiver theory are contained in ¶ 27 of the proposed amended complaint, which reads:

> The present course of action is brought seeking to resolve the propriety of the issuance of these liens after they were not only issued in violation of the automatic stay, but also after the liens in question as well as the intent of the Internal Revenue Service to issue liens against the property to avoid further disposition was specifically waived in January 2018 by the conduct of the service in agreeing to withdraw these liens or any other impediment on the property in order to facilitate a settlement relating to the residence then proposed and unopposed by the Internal Revenue Service as reached before the Chief Judge of the Bankruptcy Court in January through March of 2018.

8

ECF No. 21, ¶ 27. These allegations are inadequate for several reasons. To begin, the complaint's allusion to the IRS' "conduct . . . in agreeing to withdraw these liens or any other impediment on the property in order to facilitate a settlement" is not enough to provide the defendant the "fair notice of what the claim is and the grounds upon which it rests" that is required under *Twombly*. 550 U.S. at 555. The complaint does not tell me what the IRS said or did to signal its agreement not to enforce its lien on plaintiffs' residence. In its motion to exclude, the United States suggests that ¶ 27 may be referring to a January 4, 2018 letter from the IRS to plaintiffs, which withdrew an NFTL that had been filed on February 2, 2016, i.e., *before* the bankruptcy court lifted the automatic stay.[2] As such, the letter withdrew an NFTL that was already void or voidable. See *Middle Tennessee News Co. v. Charnel of Cincinnati*, 250 F.3d 1077, 1082 (7th Cir. 2001). And the law is clear that withdrawal of an NFTL does not affect the underlying lien. 26 C.F.R. 301.6323(j)-1(a). Plaintiffs cannot reasonably present the withdrawal of the void or voidable February, 2016 NFTL as indicative of the IRS's intent to relinquish its right to file other future NFTLs.

Further, the transaction described in ¶ 27 resembles a contract negotiation, if anything, and not a waiver. Waiver is the "intentional relinquishment of a known right." *United States v. Perry*, 223 F.3d 431, 433 (7th Cir. 2000). What plaintiffs describe is not a "relinquishment" of the U.S.'s right to enforce its lien, but rather an offer not to enforce it—in exchange, presumably, for plaintiffs' anticipated compliance with the terms of the

---

[2] Because I could consider this letter if I were rendering summary judgment on the waiver claim, I may consider it now as I determine whether amendment of the complaint would be futile.

proposed settlement agreement. But the proposed amended complaint does not allege facts sufficient to support an inference that any enforceable contract was created to bar the IRS from filing NFTLs. In short, allowing the proposed amendment to Count I would be futile because the proposed amended complaint does not state a claim that the IRS acted illegally in filing the 2018 NFTLs, or that those NFTLs are valid.

The proposed amended complaint also requests, as alternative relief, a court determination that the United States' tax lien is junior to other, earlier recorded liens on the residence, "including, but not limited to, liens filed by the County of Kenosha, Wisconsin." ECF No. 21, ¶ 29. Wisconsin law governs this question. *See Harrell v. U.S.*, 13 F.3d 232, 234 (7th Cir. 1993) (explaining that, while 28 U.S.C. § 2410 waives the federal government's sovereign immunity with respect to suits to determine title to real property on which the United States has a lien, the actual cause of action must be supplied by state law). Wis. Stat. § 841.01 permits an action for quiet title, and Wis. Stat. § 841.02 details the information that must be included in the complaint in order to state a claim under § 842.01. *See SJ Properties Suites v. Specialty Finance Group, LLC*, 864 F.Supp.2d 776 (E.D.Wis. 2012). Specifically, the complaint must "describe . . . the interest of each person claiming an interest known to be adverse to the plaintiff." Wis. Stat. § 841.02. The Novoselskys' proposed amended complaint does not meet this requirement. I will not permit this alternative amendment to Count I.

### c. Injunctive Relief

The proposed Count II is a claim for injunctive relief. The plaintiffs allege that the IRS levied on funds that were in the control of the attorney for the bankruptcy trustee

while their installment agreement was still in effect, thus violating 26 USC § 6331(k)(2)(D); they further allege that the IRS did not comply with its notice obligations under 26 USC 6159(b)(5) in terminating the installment agreement, and that it has denied them the opportunity to appeal the termination of the installment agreement using the IRS's internal appeals process. They ask me to remand this issue to the IRS with instructions to have the levy and the termination of the installment agreement reviewed by an impartial IRS employee.

The Anti-Injunction Act forbids suits to restrain the collection or assessment of taxes, and it bars the Novoselskys from proceeding on this claim. 26 U.S.C. § 7421(a). The purpose of this statute is to "protect the Government's ability to collect a consistent stream of revenue [] by barring litigation to enjoin or otherwise obstruct the collection of taxes." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 US 519, 543 (2012). By operation of the Act, a tax ordinarily must be challenged only in a suit for a refund after it is paid. *Id.*

Plaintiffs attempt to frame Count II as a request for due process and not for any restraint on collection. ECF No. 27 at 10-11. However, the relief they seek—an order directing the IRS to hold hearings on the termination of the installment agreement and the validity of the levy—"would, if granted, effectively appeal the IRS determination [of those issues] and restrain the collection of taxes." *See Rael v. Apodaca,* 210 Fed.Appx 787, 791 (10th Cir. 2006).

I conclude that supplementation of the complaint to include Count II would be futile, because my jurisdiction over Count II is barred by the Anti-Injunction Act. I will not permit plaintiffs to supplement their complaint with the addition of Count II.

11

### d. Damages Under 26 U.S.C. § 7433

In Count III of the proposed amended complaint, plaintiffs seek damages under 26 U.S.C. § 7433, which allows a taxpayer to recover damages resulting from an IRS employee's intentional, reckless or negligent disregard of a provision of the tax code. That statute and the IRS regulation that interprets it require the taxpayer to exhaust his or her administrative remedies before filing suit. *Gray v. United States,* 723 F.3d 795, 802 (7th Cir. 2013); 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(d). The United States argues that amending the complaint to include Count III would be futile because the Novoselsky's have not alleged that they exhausted their administrative remedies in the manner required by the regulations interpreting § 7433. Exhaustion is an affirmative defense to § 7433, and not a pleading requirement. *Gray*, 723 F.3d at 799, fn.1; *Kim v. U.S.*, 632 F.3d 713, 718-19 (D.C.Cir. 2011). Still, "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." Jones v. Bock, 549 U.S. 199, 215 (2007).

In their complaint, plaintiffs allege that they requested administrative relief following the procedures required by § 7433 "on various occasions prior to the issuance of the 2018 levies" and "when the levy activity began in May of 2018 and just prior to that." ECG No. 21, ¶¶ 47-48. But a significant portion of the conduct that plaintiffs allege as the basis for their §7433 claim happened *after* May 2018: plaintiffs allege that in July 2018, the IRS issued a second levy, instructed the bankruptcy trustee's attorney to turn over the levied-upon funds without informing the bankruptcy court of the levy, and then seized the funds. The Novoselskys' failure to exhaust their administrative remedies with respect to the

12

conduct that is the basis of their proposed § 7433 claim thus appears on the face of the complaint. I conclude that supplementation of the complaint to include this claim would be futile, and I will not permit it.

### III.    SUMMARY JUDGMENT

Having determined that the Novoselskys may not amend their complaint, I now turn to the United States' earlier-filed motion for summary judgment on the current operative complaint. This complaint states only a quiet-title claim, based on an allegation that the IRS filed its April 10 NFTL "despite an agreement in writing regarding the underlying debt for a plan of Installment Payments as permitted by the Internal Revenue Service Code and further despite a prior withdrawal of the lien[3] memorializing the debt." As discussed above, the installment agreement expressly allowed the IRS to file NFTLs while it was in effect; further, the withdrawal of the prior NFTL did nothing to disturb the underlying lien or to bar the IRS from filing future NFTLs. The IRS is entitled to summary judgment on the operative complaint.

### IV.    CONCLUSION

For the reasons stated above, **IT IS ORDERED** that plaintiffs' motion to amend their complaint (ECF No. 20) is **DENIED.**

_____

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (ECF No. 12) is **GRANTED** and this action is **DISMISSED**. The clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of December, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
District Judge